IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| A.B., a minor, by and through his Guardian ad Litem, LINA KAHOUL, <br><br>  Plaintiff, <br> v. <br><br> KAITLYN GRANT and <br> UNITED STATES OF AMERICA, <br><br>  Defendants. | ) ) ) ) ) ) ) **COMPLAINT AND DEMAND FOR** ) **JURY TRIAL** ) ) ) ) ) |

Plaintiff, A.B., a minor, by and through his Guardian ad Litem, LINA KAHOUL ("Plaintiff"), complaining of the Defendants, and upon information and belief, alleges and says:

## NATURE OF ACTION

1. This lawsuit arises from a motor vehicle collision involving a minor pedestrian on December 31, 2021, at approximately 4:52 p.m., in which the minor was injured when Kaitlyn Grant reversed her United States Postal vehicle on SR 2144 in Denver, Lincoln County, North Carolina and struck Plaintiff.

## PARTIES

2. Plaintiff, A.B., a minor, by and through his Guardian ad Litem, LINA KAHOUL ("Plaintiff") is a minor child citizen and resident of Denver, Lincoln County, North Carolina.

3. Defendant Kaitlyn Grant ("Ms. Grant") is an adult citizen and resident of Bessemer City, Gaston County, North Carolina.

4. The United States of America ("United States") is a proper party to this lawsuit since the basis for this suit arises out of the conduct of an employee of the United States Postal Service ("USPS").

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

5. Plaintiff brings this action against the United States pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. Sections 134(b) and 2671, et seq.

6. Venue is proper pursuant to 28 U.S.C. Section 1391(b)(2) because the events giving rise to this claim occurred in this Judicial District.

7. All conditions precedent to the filing of this action have been performed or have occurred.

## FACTUAL ALLEGATIONS

8. On or about December 31, 2021, at approximately 4:52 p.m., Plaintiff was playing outside in the cul-de-sac located on SR 2144 in Denver, Lincoln County, North Carolina.

9. At the same time and place, Ms. Grant was driving a 2001 Ford United States Postal vehicle ("vehicle") around the cul-de-sac located on SR 2144 in Denver, Lincoln County, North Carolina, delivering mail.

10. In the process of delivering the mail, Ms. Grant put the vehicle in reverse and drove into the Plaintiff, thereby striking Plaintiff with the vehicle.

11. Ms. Grant was an employee and agent of the United States Postal Service, an agency of the United States, and was acting in the course and scope of said employment and operating the aforementioned vehicle with the full knowledge, consent and permission of the USPS.

12. At the aforementioned time and place, Ms. Grant operated the vehicle in a careless, negligent and unlawful manner, in that she, among other things, failed to determine if it was safe to move her vehicle before reversing, and further failed to stop and yield to Plaintiff and collided with Plaintiff's body.

13. As a result of the collision, Plaintiff sustained severe, painful injuries to his person.

14. The injuries and damages suffered by Plaintiff have caused him to suffer great physical pain and mental anguish up to and including the present time.

15. As a result of these injuries and damages, Plaintiff has become obligated for payment of money for doctor bills and other medical attention and treatment and may become obligated for payments for future medical attention and treatment.

16. Ms. Grant's negligence proximately caused Plaintiff's injuries and damage to which she owes Plaintiff fair and just compensation.

# FIRST CLAIM FOR RELIEF
## (Ms. Grant's Negligence)

17. Plaintiff incorporates and realleges each and every allegation and portion of the preceding paragraphs of this Complaint.

18. Ms. Grant owed a duty of care to the public and Plaintiff to obey the rules of the road and was negligent in causing the collision described above. The Plaintiff's injuries were caused solely by Ms. Grant, an agent and employee of the USPS, an agency of the United States, without any negligence on the part of the Plaintiff contributing.

19. All of the injuries and damages of the Plaintiff were solely, directly, and proximately caused by the negligence of Ms. Grant, whose negligence is imputable to the United States, and whose negligence consisted of the following acts and omissions:

   a) She drove in a dangerous and unsafe manner;

   b) She failed to keep a proper lookout in her direction of travel;

   c) She failed to maintain the vehicle she was operating under proper control;

   d) She failed to yield the right of way;

   e) She failed to take proper evasive action in time to avoid striking Plaintiff;

   f) She failed to apply her brakes in time to avoid striking Plaintiff;

   g) She failed to stop the vehicle in time to avoid striking Plaintiff;

   h) Although she had ample opportunity to do so, and although she saw or in the exercise of reasonable diligence should have seen that it was necessary for her to take action to avoid striking Plaintiff, Ms. Grant took no action whatsoever and/or took inadequate action to bring the vehicle under control and avoid striking Plaintiff; and

   i) She failed to otherwise exercise the same degree of care and caution that a reasonable and prudent person would, and should have, under the same or similar circumstances.

20. The impact with Plaintiff, and Plaintiff's injuries and damages, were directly and proximately caused by Ms. Grant's negligence.

21. The impact with Plaintiff and Plaintiff's resulting injuries and damages were a direct and proximate result of the negligence of Ms. Grant, whose negligence is imputable to the United States Postal Service and the United States.

22. As a direct and proximate result of the aforesaid negligence of Defendant Ms. Grant, whose negligence is imputable to the United States Postal Service, Plaintiff has sustained injuries and damages to his person in the amount to be decided by the jury.

## SECOND CLAIM FOR RELIEF
### (United States' Vicarious Liability and Federal Tort Claims)

23. Plaintiff incorporates and re-alleges each and every allegation of the preceding paragraphs of this Complaint.

24. At all times alleged, Ms. Grant was acting within the course and scope of her employment with the USPS.

25. The previously described negligence of Ms. Grant is imputed to the United States and USPS under the principals of agency and respondent superior.

26. Plaintiff's injuries were directly and proximately caused by the previously described negligence of Ms. Grant, and Plaintiff is entitled to recover from the United States and USPS under the theory of vicarious liability.

27. Pursuant to U.S.C. §2675(a), the claim set forth herein was presented in writing to the United States and USPS who received it on December 5, 2022.

28. The United States and USPS did not send a notice of final denial of the claim by certified or registered mail to the Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays the Court for judgment against Defendants collectively, as follows:

1. Plaintiff have and recover of Ms. Grant and the United States an amount to be determined at the trial of this matter for Plaintiff's personal injuries and damages for medical expenses, pain and suffering, discomfort and such other compensable matters as may be proven at trial;

2. This matter be tried to a jury;

3. The costs of this action be taxed against the Defendants;

4. Pre and post-verdict interest; and

5. For such other and further relief as the Court may deem just and proper.

This 22nd day of December 2023.

_____
Bradley Anderton (N.C. State Bar No. 58359)
Paul R. Dickinson, Jr. (N.C. State Bar No. 20510)
Law Offices of James Scott Farrin
555 S. Mangum Street, Suite 800
Durham, North Carolina 27701
T: (919) 688-4991
F: (919) 688-4468
E: banderton@farrin.com
E: pdickinson@farrin.com

*Attorneys for Plaintiff*